**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10

11   PATRICK A MISSUD,                          No. C-11-03567 (DMR)

12          Plaintiff(s),                       **ORDER REASSIGNING CASE TO
                                                DISTRICT JUDGE; AND REPORT AND
13          v.                                  RECOMMENDATION TO GRANT D.R.
                                                HORTON, INC.'S MOTION TO
14   STATE OF NEVADA,                           DISMISS FOR LACK OF PERSONAL
                                                JURISDICTION; TO DISMISS
15          Defendant(s).                       DEFENDANTS COLTRANE,
     _____/       GRIERSON, GONZALES, BULLA,
16                                              SAIITA, DOUGLAS, HARDESTY,
                                                PICKERING, GIBBONS, CHERRY,
17                                              PARRAGUIRRE, WOOLARD, GIORGI,
                                                ARMSTRONG, HUNT, BENITEZ,
18                                              NEVADA SUPREME COURT, AND
                                                EIGTH JUDICIAL DISTRICT OF
19                                              COUNTY OF CLARK  WITH
                                                PREJUDICE; AND TO DISMISS
20                                              DEFENDANTS STATE OF NEVADA,
                                                ECKHARDT, SARNOWSKI, NEVADA
21                                              STATE BAR, AND AKRIDGE
                                                WITHOUT PREJUDICE
22
23          Defendant D.R. Horton, Inc. ("D.R. Horton") moves the court pursuant to Federal Rule of

24   Civil Procedure 12(b) to dismiss D.R. Horton from this case for lack of personal jurisdiction or, in

     the alternative, to dismiss on grounds of *forum non conveniens*.  For the reasons below, the court
25
     recommends that the motion be granted for lack of personal jurisdiction.  In addition, the court *sua*
26
     *sponte* recommends that Defendants Special Magistrate Curtis Coltrane of Beaufort County, South
27
     Carolina; Court Clerk Steven Grierson and Judge Elizabeth Gonzales of the Clark County Courts of
28

1   Nevada; Discovery Commissioner Bonnie Bulla of Nevada's Eighth Judicial District Court; Chief

2   Justice Nancy M. Saiita and Justices Michael L. Douglas, James W. Hardesty, Kristina Pickering,

3   Mark Gibbons, Michael Cherry, and Ron Parraguirre of the Supreme Court of Nevada; San

4   Francisco Superior Court Judges Charlotte Woolard and Loretta Giorgi; Judge Saundra Armstrong

5   of the U.S. District Court for the Northern District of California; Judge Roger Hunt of the U.S.

6   District Court for the District of Nevada; Judge Roger Benitez of the U.S. District Court for the

7   Southern District of California; the Nevada Supreme Court; and the Eighth Judicial District Court of

8   County of Clark  ("Judicial Defendants") be dismissed with prejudice on the grounds of judicial

9   immunity.  The court also recommends that Defendants State of Nevada, Susan Eckhardt, David

10  Sarnowski, the Nevada State Bar, and Constance Akridge ("Unserved Defendants") be dismissed

11  without prejudice pursuant to Rule 4(m).[1]

## I. Background

13          Plaintiff Patrick Missud filed this public corruption and civil rights action against numerous

14  defendants on July 20, 2011 and amended his complaint three months later.  [*See* Docket Nos. 1,

15  18.]  The amended complaint does not set forth clear causes of action, but lambastes prior judicial

16  decisions against Plaintiff, corporate influence in American politics, and pervasive corruption in the

17  judiciaries and regulatory agencies of the United States, California, and Nevada.  (Am. Compl. 5-

18  28.)  Many of these grievances appear to have arisen from Plaintiff's prior litigation against D.R.

19  Horton and its alleged "caus[ing] thousands of consumers' financial evisceration through illegal

20  means and by corrupting public figures."  (Am. Compl. 4.)  *See also Missud v. D.R. Horton, Inc.*,

21  No. 10-235-SI (N.D. Cal. Jan. 19, 2010); *Missud v. D.R. Horton, Inc.*, No. 07-2625-SBA (N.D. Cal.

---

23          [1] Magistrate judges have authority to decide all matters in a case with the parties' consent.
24  28 U.S.C. § 636(c).  In this case, Plaintiff and several defendants have consented.  However,
    Plaintiff has not properly served many defendants, and they therefore have not made an appearance
25  or had opportunity to consent to the court's jurisdiction.  Case law suggests that unserved defendants
    are not parties to a case and, therefore, need not consent for the court to take action.  *See Gaddy v.*
26  *McDonald*, No. 11-CV-8271, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (not reported in
    F. Supp. 2d) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third*
27  *World Media, LLC v. Doe*, No. C-10-4470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)).
    However, because some defendants have been served in this case and others not, and because there
28  is no clear authority on a magistrate judge's jurisdiction under § 636(c) in this circumstance, the
    court, in an excess of caution, will issue a report and recommendation pursuant to § 636(b).

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1   filed May 17, 2007); *Missud v. D.R. Horton, Inc.*, No. A551662 (Nev. Dist. Ct. filed Nov. 13, 2007);

2   *Missud v. D.R. Horton, Inc.*, No. 06-457207 (Cal. Super. Ct. filed Oct. 23, 2006); *Missud v. D.R.*

3   *Horton, Inc.*, No. 05-447499 (Cal. Super. Ct. filed Dec. 9, 2005); *Missud v. D.R. Horton, Inc.*, No.

4   05-444247 (Cal. Super. Ct. filed Aug. 22, 2005).

5     D.R. Horton moves for dismissal for lack of personal jurisdiction or, in the alternative, on

6   grounds of *forum non conveniens*.  (*See generally* D.R. Horton, Inc.'s Mot. to Dismiss for Lack of

7   Personal Jurisdiction Pursuant to FRCP 12(b)(2), or in the Alternative, Mot. to Dismiss on Grounds

8   of *Forum Non Conveniens* ("D.R. Horton Mot.").)  Before analyzing the merits of the motion, the

9   court will address some preliminary concerns.

10               **II. Judicial Immunity**

11     On December 5, 2011, the court issued an order to show cause why it should not dismiss

12   Judicial Defendants on grounds of judicial immunity.  [Docket No. 41.]  *See Wong v. Bell*, 642 F.2d

13   359, 361-62 (9th Cir. 1981) (holding that court may *sua sponte* dismiss complaint for failure to state

14   a claim if plaintiff receives opportunity to submit written memorandum in opposition to such

15   motion).  Plaintiff filed his response four days later.  [Docket No. 44.]

16     Judges and "individuals necessary to the judicial process" at the state and federal levels,

17   *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923 (9th Cir. 2004) (citations and quotation marks

18   omitted), are "generally immune from civil liability under [§] 1983."  *Meek v. Cnty. of Riverside*,

19   183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)).  This policy

20   reflects the "'general principle of the highest importance to the proper administration of justice that

21   a judicial officer, in exercising authority vested in him, shall be free to act upon his own convictions,

22   without apprehension of personal consequences to himself.'"  *Olsen*, 363 F.3d 916 at 922 (quoting

23   *Bradley v. Fisher*, 13 Wall. 335, 347 (1871)).  This rule remains sacrosanct "[a]lthough unfairness

24   and injustice to a litigant may result on occasion."  *Meek*, 183 F.3d at 965 (citation and quotation

25   marks omitted).  Thus, a judge receives immunity even if "he takes actions which are in error, are

26   done maliciously, or are in excess of his authority."  *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349,

27   355-56 (1978)).  The law will strip a judge of immunity only if he acts "'in the clear absence of all

28

**United States District Court**

For the Northern District of California

1    jurisdiction.'" *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump*, 435 U.S. at

2    356-57) (quotation marks omitted).

3         The facts proffered in Plaintiff's amended complaint concern his objections to the actions of

4    Judicial Defendants in their official capacities, (*see, e.g.*, Am. Compl. 5-22; *see also* Reply to OSC

5    Regarding Judges' Lack of Judicial Immunity 2-9), and nothing before the court suggests that

6    Judicial Defendants acted in a clear absence of jurisdiction.  Under these circumstances, the law

7    mandates that Judicial Defendants receive immunity from suit.  The court therefore recommends that

8    Plaintiff's claims against them be dismissed with prejudice.

9                            **III. Federal Rule of Civil Procedure 4(m)**

10        Rule 4(m) of the Federal Rules of Civil Procedure mandates that "[i]f a defendant is not

11    served within 120 days after the complaint is filed, the court--on motion or on its own after notice to

12    the plaintiff--must dismiss the action without prejudice against that defendant or order that service

13    be made within a specified time." Fed. R. Civ. P. 4(m).  Plaintiff filed this case on July 20, 2011.

14    [*See* Docket No. 1.]  The 120-day deadline passed on November 17, 2011.  To date, he has not

15    properly served Unserved Defendants.  In his proof of service, it appears that Plaintiff attempted to

16    serve them by emailing the complaint and summons to various media organizations.  [*See* Docket

17    No. 20.]  This mass dissemination of information, which may be an attempt to affect service by

18    publication, does not satisfy the service requirements of the Federal Rules of Civil Procedure.  Rule

19    4(e) provides several methods for affecting proper service.  A plaintiff may serve a copy of the

20    summons and complaint on a defendant in person; leave a copy of the documents at the defendant's

21    dwelling; deliver a copy of the documents to an appointed agent; or serve the defendant in

22    accordance with the laws of the state in which the Court is located or where service is made, in this

23    case respectively California or Nevada.  Fed. R. Civ. P. 4(e); *see* Cal. Civ. Proc. Code §§ 415.10-

24    415.95 (outlining permissible methods of service); Nev. R. Civ. P. 4(d)(6) (describing means of

25    affecting personal service upon an individual); *see also* Cal. Civ. Proc. Code § 415.50 (setting forth

26    prerequisites, not met in this case, for service by publication); Nev. R. Civ. P. 4(e)(1) (same).

27    Plaintiff has done none of these.  On December 22, 2011, the court ordered Plaintiff to show cause

28    why it should not dismiss Unserved Defendants.  [Docket No. 49.]  Plaintiff filed his response on

United States District Court

For the Northern District of California

December 30, 2011.  [Docket No. 50.]  Although he insists that he properly served most of Unserved Defendants, his methods do not comport with the Federal Rules of Civil Procedure.  Because Plaintiff has not shown good cause for not serving them within 120 days of filing his complaint, the court recommends that Unserved Defendants be dismissed without prejudice.

## IV.  Personal Jurisdiction

### A. Legal Standard

A plaintiff bears the burden of proving that a Court has personal jurisdiction over a defendant.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  If the court rules on the presence of personal jurisdiction without holding an evidentiary hearing, it may grant dismissal only if the plaintiff has not made a prima facie showing that personal jurisdiction exists.  *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).  In its analysis, the court must construe conflicts between parties over statements contained in the pleadings and affidavits in the plaintiff's favor.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008) (citation omitted).  California's long-arm statute permits service of process to the limits of the Due Process Clauses of the federal Constitution.  Cal. Code Civ. Proc. § 410.10; *see Data Disc, Inc. v. Sys. Tech. Assoc., Inc*., 557 F.2d 1280, 1286 (9th Cir. 1977).  Therefore, the "jurisdictional analysis collapses into a single determination of whether the exercise of personal jurisdiction comports with due process." *Avocent*, 552 F.3d at 1329; *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009).

To subject a defendant to personal jurisdiction, due process requires that the defendant have sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted).  Indeed, "[i]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws."

**United States District Court**
For the Northern District of California

1   *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe*, 326 U.S. at 319).  The requirement

2   of "purposeful availment" through minimum contacts ensures that the defendant's conduct and

3   connection with the forum state are such that the defendant should reasonably anticipate being haled

4   into court there.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citation omitted).

5       To analyze minimum contacts, courts have distinguished between specific and general

6   jurisdiction.  *See Avocent*, 552 F.3d at 1330.  Specific jurisdiction exists when a plaintiff

7   demonstrates that the defendant has "purposefully directed" its activities at residents of the forum

8   and the litigation results from alleged injuries that arise out of or relate to those activities.  *Id.*

9   (citations omitted).  General jurisdiction relies upon a defendant's "continuous and systematic

10   general business contacts" with the forum state, which confer jurisdiction "even when the cause of

11   action has no relationship with those contacts."  *See Helicopteros Nacionales de Colombia, S.A. v.*

12   *Hall*, 466 U.S. 408, 416 (1984); *Avocent*, 552 F.3d at 1331-32 (citation omitted).  The threshold for

13   finding general jurisdiction is "high; the contacts must be sufficiently extensive and pervasive to

14   approximate physical presence."  *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (citation

15   omitted).  "[I]solated and sporadic contacts" will not suffice.  *Id.* (citing *Burger King Corp.*, 471

16   U.S. at 475).

17       **B. Analysis**

18       Plaintiff argues that this Court has specific jurisdiction over D.R. Horton.  First, he asserts

19   that D.R. Horton voluntarily submitted to California's jurisdiction when it filed a Nevada state court

20   judgment against him in the San Francisco Superior Court pursuant to the Full Faith and Credit

21   Clause.  (Pl. Opp'n 4-5.)  This argument fails because filing a state court judgment in another state's

22   court does not confer personal jurisdiction.  *See Baker v. G.M. Corp.*, 522 U.S. 222, 249 (1998).

23   Furthermore, although Plaintiff excoriates D.R. Horton throughout the amended complaint for

24   allegedly wielding an ambient, corrupting influence on all government agencies with which it has

25   contact, he never states a clear cause of action against it.  (*See generally* Am. Compl.)  Against this

26   backdrop, the court cannot discern any events relating to California that gave rise to Plaintiff's suit

27   against D.R. Horton and thereby might give rise to specific personal jurisdiction.

28

**United States District Court**
For the Northern District of California

1    Plaintiff also contends that D.R. Horton's "[o]verwhelming [m]inimum [c]ontacts" confer

2 this Court with general jurisdiction over the firm.  (Pl. Opp'n 5.)  D.R. Horton is a Delaware

3 corporation with its headquarters in Texas.  (D.R. Horton Mot. 7, 10; Morice Decl. ¶¶ 4, 6-7.)

4 Nevertheless, Plaintiff argues that DHI -- a non-party corporation fully owned by D.R. Horton -- and

5 D.R. Horton's combined marketing directed toward California residents, and the resulting business

6 transactions completed with them due to this marketing, confers general jurisdiction.  (Pl. Opp'n 5-

7 6.)  The court first notes that it cannot treat D.R. Horton and DHI, two distinct legal entities, as one

8 for jurisdictional purposes.  *Naxos Res. (U.S.A.) Ltd. v. Southam, Inc.*, No. 96-2314, 1996 WL

9 662451, at *2 (C.D. Cal. Aug. 16, 1996) (not reported in F. Supp.) (citing *Cannon Mfg. Co. v.*

10 *Cudahy Packing Co.*, 267 U.S. 333, 336 (1925); *Donatelli v. Nat'l Hockey League*, 893 F.2d 459,

11 465 (1st Cir. 1990)).  Consequently, the court cannot determine which of Plaintiff's asserted contacts

12 belong to D.R. Horton and which to DHI.  Moreover, Plaintiff provides no evidence of these

13 contacts, aside from citing to the website http://www.drhorton.com/.  The presence of a website,

14 though, no matter how interactive, does not furnish the level of contacts needed to create general

15 jurisdiction.  "If the maintenance of an interactive website were sufficient to support general

16 jurisdiction in every forum in which users interacted with the website, the eventual demise of all

17 restrictions on the personal jurisdiction . . . would be the inevitable result."  *CollegeSource, Inc. v.*

18 *AcademyOne, Inc.*, 653 F.3d 1066, 1075-76 (9th Cir. 2011) (citations and quotation marks omitted).

19 Plaintiff has not shown that D.R. Horton maintains contacts with California "sufficiently extensive

20 and pervasive" to give the Court general personal jurisdiction over the firm.  *Tamburo*, 601 F.3d at

21 701 (citation omitted).  The court therefore recommends that D.R. Horton's motion to dismiss for

22 lack of personal jurisdiction be granted.

23                                        **V. Conclusion**

24    For the reasons above, the court recommends that Defendants Special Magistrate Curtis

25 Coltrane of Beaufort County, South Carolina; Court Clerk Steven Grierson and Judge Elizabeth

26 Gonzales of the Clark County Courts of Nevada; Discovery Commissioner Bonnie Bulla of

27 Nevada's Eighth Judicial District Court; Chief Justice Nancy M. Saiita and Justices Michael L.

28 Douglas, James W. Hardesty, Kristina Pickering, Mark Gibbons, Michael Cherry, and Ron

1   Parraguirre of the Supreme Court of Nevada; San Francisco Superior Court Judges Charlotte

2   Woolard and Loretta Giorgi; Judge Saundra Armstrong of the U.S. District Court for the Northern

3   District of California; Judge Roger Hunt of the U.S. District Court for the District of Nevada; Judge

4   Roger Benitez of the U.S. District Court for the Southern District of California; the Nevada Supreme

5   Court; and the Eighth Judicial District Court of County of Clark be DISMISSED WITH

6   PREJUDICE on the basis of judicial immunity; that Defendants State of Nevada, Susan Eckhardt,

7   David Sarnowski, the Nevada State Bar, and Constance Akridge be DISMISSED WITHOUT

8   PREJUDICE; and that Defendant D.R. Horton, Inc.'s Motion to Dismiss for Lack of Personal

9   Jurisdiction be GRANTED.

10       The court further ORDERS that the case be reassigned to a District Judge.

11       Any party may file objections to this report and recommendation with the district judge

12   within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a);

13   N.D. Civ. L.R. 72-2.

14       IT IS SO ORDERED.

16   Dated: January 5, 2012



DONNA M. RYU
United States Magistrate Judge