1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    PATRICK A. MISSUD,                          No. C-11-3567 EMC

9              Plaintiff,                        **ORDER ADOPTING MAGISTRATE**
                                                 **JUDGE RYU'S REPORT AND**
10         v.                                    **RECOMMENDATION AS MODIFIED;**
                                                 **GRANTING DEFENDANT'S MOTION**
11   STATE OF NEVADA, *et al.*,                  **TO DECLARE PLAINTIFF A**
                                                 **VEXATIOUS LITIGANT; AND**
12             Defendants.                       **DISMISSING ACTION**
     _____/
13                                               **(Docket Nos. 53, 59)**

14

15

16         Plaintiff Patrick A. Missud, an attorney licensed in California[1] and representing himself, has

17   filed suit against Defendant D.R. Horton, Inc. ("Horton") and numerous state and federal judicial

18   defendants and public offices, including Special Magistrate Curtis Coltrane of Beaufort County,

19   South Carolina; Court Clerk Steven Grierson and Judge Elizabeth Gonzales of the Clark County

20   Courts of Nevada; Discovery Commissioner Bonnie Bulla of Nevada's Eighth Judicial District

21   Court; Chief Justice Nancy M. Saiita and Justices Michael L. Douglas, James W. Hardesty, Kristina

22   Pickering, Mark Gibbons, Michael Cherry, and Ron Parraguirre of the Supreme Court of Nevada;

23   San Francisco Superior Court Judges Charlotte Woolard and Loretta Giorgi; Judge Saundra

24   Armstrong of the U.S. District Court for the Northern District of California; Judge Roger Hunt of the

25   U.S. District Court for the District of Nevada; Judge Roger Benitez of the U.S. District Court for the

26   Southern District of California; the Nevada Supreme Court; the Eighth Judicial District Court of

27

28   _____
         [1]  State Bar No. 219614.

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1  County of Clark; the State of Nevada; Susan Eckhardt; David Sarnowski; the Nevada State Bar; and

2  Constance Akridge.  Mr. Missud brings unspecified claims under 42 U.S.C. § 1983 for public

3  corruption and civil rights violations, on behalf of an unspecified class of purported victims.  First

4  Amended Complaint ("FAC"), Docket No. 18, at 4.

5      In response to Defendant Horton's motion to dismiss and orders to show cause issued by the

6  Court, Magistrate Judge Ryu has issued a Report and Recommendation ("R&R"), recommending

7  dismissal of Mr. Missud's claims against all Defendants.  Docket No. 53.  In addition, Defendant

8  Horton has filed a motion to declare Plaintiff a vexatious litigant.  Docket No. 59.  Both matters are

9  pending before the Court.

10                    **I.   FACTUAL & PROCEDURAL BACKGROUND**

11     In his FAC, Mr. Missud alleges broadly that Defendants, led by Defendant Horton, have

12  "conspired to buy the judiciary, this Country and its Constitution."  FAC at 3.  Mr. Missud lays

13  much of the blame for the success of this purported conspiracy on the Supreme Court's recent

14  decisions in *Citizens United v. FEC*, 130 S. Ct. 876 (2010), and *AT&T Mobility v. Concepcion*, 131

15  S.Ct. 1740 (2011), which he claims have "allowed corporate 'citizens' to buy America's court[s] and

16  alternative dispute forum[s]."  *Id*. at 2.  He claims that those Defendants in the judiciary have acted

17  with bias against him in prior proceedings due to the influence of Horton and its subsidiaries,

18  including DHI Mortgage Company Ltd. ("DHI").[2]  *Id*. at 8, 10.  Although he does not describe the

19  particular transaction(s) that give rise to his complaint, it appears the root of his dissatisfaction with

20  Horton originates from his dealings with Horton and DHI in conjunction with his purchase of a

21  home in Nevada.  *See* 07-2625 SBA, Docket No. 38, at 1-3 (summarizing previous similar claims

22  against same defendants).  Nearly all of his allegations herein stem from judicial decisions that have

23  disagreed with his positions, which he equates with *per se* evidence of those judges' bias and

24  indebtedness to Horton.  *See, e.g.*, FAC at 12.  Although his allegations are broad and not entirely

25  clear, he asserts, *inter alia*, the following allegations of wrongdoing against specific Defendants:

---

27      [2]  Mr. Missud does not always distinguish between D.R. Horton, Defendant in this action,
and DHI Mortgage, which is not a defendant in the instant case but has previously been a defendant
28  in other cases brought by Mr. Missud.

•     Nevada Division of Mortgage Lending ("NDML") Commissioner Susan Eckhardt – Plaintiff alleges that Commissioner Eckhardt wrongfully refused to investigate consumer complaints against Horton.  FAC at 5-6.

•     South Carolina Special Magistrate Coltrane – Plaintiff alleges that Magistrate Coltrane wrongfully issued an injunction against picketers protesting Horton's sale of a golf course.  FAC at 6-7.

•     Nevada Discovery Commissioner Bulla – Plaintiff alleges that Commissioner Bulla dishonestly claimed not to have received Mr. Missud's document submissions to the court.  FAC at 7.

•     Nevada Judge Gonzales – Plaintiff alleges that Judge Gonzales wrongfully sealed court records "regarding DHI's interstate financial crimes," blocked media from court proceedings, struck Plaintiff's case despite its merit (according to Mr. Missud), and failed to recuse herself despite Plaintiff's motion to disqualify her based on bias.  FAC at 7-8.

•     Clark County's Eighth District Court & Court Executive Officer Grierson – Plaintiff alleges that these Defendants failed to respond to subpoenas to produce video evidence of Judge Gonzales's bias.  FAC at 9-10.

•     Nevada Commission on Judicial Discipline and Executive Director Sarnowski – Plaintiff alleges that these Defendants failed to investigate Plaintiff's claims of judicial misconduct against Judge Gonzales.  FAC at 10.

•     Nevada Supreme Court – Plaintiff alleges that the Court wrongfully requested that the Nevada Attorney General investigate Plaintiff after receiving Plaintiff's amicus brief in another action, and denied his Emergency Motion to Compel production of the video and documents regarding his accusations of bias against Judge Gonzales.  FAC at 11, 12.  The Court also reduced the damages a jury awarded to another plaintiff (Betsinger) in another action against Horton.  FAC at 11.  Mr. Missud summarily alleges that the Nevada Supreme Court is "the Country's 8th most beholden state supreme court to the special interests."  FAC at 12.  The link Mr. Missud provides in support of this statement is an article stating that the court ranks eighth in election fundraising.  *Id.*

•     San Francisco Superior Court Judges Woolard and Giorgi – Plaintiff alleges that Judge

1    Woolard confirmed an arbitration award against Mr. Missud's evidence of fraud in the arbitration

2    proceedings. FAC at 14.  Judge Giorgi then denied a motion for reconsideration of Judge Woolard's

3    decision.  *Id*.  Judge Giorgi also denied a motion to vacate based on fraud an order in favor of

4    Horton in San Francisco Superior Court case CPF-10-510876, and a later motion for

5    reconsideration.  FAC at 15.  Mr. Missud states that her failure to consider his conclusive evidence

6    renders her biased.  *Id*. at 15-16.

7    •     U.S. District Court Judge Armstrong – Plaintiff alleges that Judge Armstrong's rulings in 07-

8    2625, another case by Plaintiff against Horton, dismissing his case for lack of personal jurisdiction

9    and failing to consider certain evidence he submitted, were incorrect and evinced bias in favor of

10   Horton.  FAC at 17-18.

11   •     U.S. District Court Judge Roger Benitez – Plaintiff alleges that Judge Benitez granted Horton

12   and DHI's request for arbitration in a suit against them by five class action representatives in San

13   Diego, 08-592-RBB, on the basis of bias.  FAC at 19.

14   •     U.S. District Court Judge Hunt – Plaintiff alleges that Judge Hunt wrongfully granted

15   summary judgment in favor of Horton in a suit filed by a different plaintiff unrelated to Mr. Missud.

16   FAC at 21-22.

17        Plaintiff asserts that Horton has essentially purchased cooperation from each of these

18   Defendants.  Mr. Missud also includes allegations of corruption among Texas officials, not named as

19   Defendants in this complaint.  *See* FAC at 22-25.[3]  Plaintiff further alleges that California Superior

20   Court Mediator/Arbitrator Michael Carbone – also not named in this action – dismissed Mr.

21   Missud's arbitration case against Allstate Insurance on the basis of bias toward a repeat client.  FAC

22   at 13.  Mr. Missud summarily connects this particular arbitration decision to allegations of arbitral

23   fraud in other courts and in the media without any factual allegations as to how his particular case

24   was improper.  He requests disgorgement of profits, restitution, treble damages, injunctive relief, an

25   order vacating prior judgments in other courts in favor of Horton, attorney's fees and costs, and

26   prejudgment interest.  FAC at 28.

27   _____

28        [3]  Mr. Missud also included claims against the SEC, SEC Chairwoman Mary Shapiro, and
     the United States, but those parties have now been severed from this case.  *See* Docket No. 52.

On December 1, 2011, Defendant Horton filed a motion to dismiss Plaintiff's complaint against it for lack of personal jurisdiction, or in the alternative, on the grounds of forum non conveniens.  Docket No. 37.  On December 5, 2011, Judge Ryu issued an order to show cause why the Court should not dismiss Judicial Defendants[4] on grounds of judicial immunity.  Docket No. 41. On December 22, 2011, Judge Ryu further ordered Plaintiff to show cause why the Court should not dismiss Unserved Defendants[5] on the grounds of lack of service under Rule 4(m).  Docket No. 49. After reviewing the parties' submissions as to each of these issues, Judge Ryu issued an R&R recommending: (1) that Defendant Horton's motion to dismiss for lack of personal jurisdiction be granted; (2) that Plaintiff's complaint be dismissed with prejudice as to Judicial Defendants on the basis of judicial immunity; and (3) that Plaintiff's complaint be dismissed without prejudice as to Unserved Defendants on the basis of Plaintiff's failure to serve them within 120 days pursuant to Rule 4(m).

Plaintiff objected to Judge Ryu's R&R and filed voluminous documents with this Court, including several Requests for Judicial Notice.  *See* Docket Nos. 58, 63, 69, 71, 73, 74, 79-81, 83-86.  He has also filed requests for the Court to issue subpoenas and order U.S. Marshals to effect service on Defendants.  *See* Docket Nos. 55, 65.

Defendant Horton filed a Reply in support of Judge Ryu's R&R, along with a motion to declare Plaintiff a vexatious litigant, on January 25, 2012.  Docket No. 59.  Horton asserts that Plaintiff has filed seven frivolous lawsuits against it in Nevada and California state and federal courts since 2005, and that previous sanctions have not deterred Plaintiff from filing additional frivolous suits and engaging in abusive and harassing litigation tactics.  Horton requests a

---

[4] Special Magistrate Curtis Coltrane of Beaufort County, South Carolina; Court Clerk Steven Grierson and Judge Elizabeth Gonzales of the Clark County Courts of Nevada; Discovery Commissioner Bonnie Bulla of Nevada's Eighth Judicial District Court; Chief Justice Nancy M. Saiita and Justices Michael L. Douglas, James W. Hardesty, Kristina Pickering, Mark Gibbons, Michael Cherry, and Ron Parraguirre of the Supreme Court of Nevada; San Francisco Superior Court Judges Charlotte Woolard and Loretta Giorgi; Judge Saundra Armstrong of the U.S. District Court for the Northern District of California; Judge Roger Hunt of the U.S. District Court for the District of Nevada; Judge Roger Benitez of the U.S. District Court for the Southern District of California; the Nevada Supreme Court; and the Eighth Judicial District Court of County of Clark.

[5] State of Nevada, Susan Eckhardt, David Sarnowski, the Nevada State Bar, and Constance Akridge.

1   declaration that Mr. Missud is a vexatious litigant and an order requiring him to: (1) post Security of

2   Costs in this action in the amount of $50,000, absent which the complaint would be subject to

3   dismissal with prejudice; (2) obtain pre-filing permission before filing any actions on his behalf or

4   on behalf of his spouse, Julie Missud, if those complaints name as parties Horton, DHI, their

5   affiliates, their employees, and their attorneys or other individuals associated with this action.

6   Defendant requests that Plaintiff be ordered to provide a copy of any proposed complaint along with

7   a letter requesting that the complaint be filed and copies of the Nevada State Court orders finding

8   him in contempt and sanctioning him, proof of satisfaction of the Judgments of Sanctions against

9   him, and a copy of this Court's order in this case; (3) post Security of Costs in any future action

10  against the Parties in this matter, in an amount to be determined by this Court; and (4) pay sanctions

11  in an amount determined by this Court and report said sanctions to the State Bar for any appropriate

12  disciplinary review due to his violations of Local Rule 11-4.  Defendant also suggests a possible

13  order requiring Plaintiff to complete anger management and ethics continuing education.  Finally,

14  Defendant proposes that any violation of the pre-filing order would expose Plaintiff to a contempt

15  hearing and injunctive relief consistent with the order, and that any action filed in violation of the

16  order be subject to dismissal.  *See* Docket No. 59 at 17-18.  Plaintiff opposes Defendant's motion to

17  declare him a Vexatious Litigant.  Docket No. 62.

## II.   DISCUSSION

19  A.    Judge Ryu's Report and Recommendation

20          Judge Ryu recommends dismissing Plaintiff Missud's complaint as against all Defendants

21  on the basis of (1) lack of personal jurisdiction as against Defendant DR Horton; (2) judicial

22  immunity as against the Judicial Defendants; and (3) failure to effect proper service of process as

23  against Defendants State of Nevada, Susan Eckhardt, David Sarnowski, the Nevada State Bar, and

24  Constance Akridge.  R&R, Docket No. 53, at 1-2.  The Court **ADOPTS** Judge Ryu's R&R as

25  modified herein for the reasons set forth below.

26          1.    Personal Jurisdiction – Defendant Horton

27          The Court adopts Judge Ryu's R&R with respect to Defendant Horton in its entirety.  Mr.

28  Missud fails to provide any basis for challenging Magistrate Judge Ryu's conclusion that Horton has

United States District Court

For the Northern District of California

no contacts with California that would give rise to personal jurisdiction.  *See* R&R, Docket No. 53, at 6-7 (concluding that filing a state court judgment in another state does not confer jurisdiction; that the Court cannot treat Plaintiff's allegations as to DHI's contacts with California as relevant to Horton's contacts because the two are "distinct legal entities" and DHI is a non-party; and that Plaintiff has failed to produce evidence of Horton's contacts).  Judge Ryu's conclusion is also in accord with the numerous other state and federal courts in California in which Mr. Missud has attempted to bring suit against Horton.  Those courts have concluded that they lack personal jurisdiction over Defendant Horton.  *See, e.g.*, *Missud v. D.R. Horton, et al.*, U.S. District Court for the Northern District of California, C-07-2625 SBA, Defendant's RJN, Docket No. 61, Ex. 6 (dismissing the action for lack of personal jurisdiction and forum non conveniens); *Missud v. D.R. Horton, et al.*, San Francisco Superior Court, CGC 05-447499, Defendant's RJN, Docket No. 61, Ex. 2-4 (finding lack of personal jurisdiction with respect to Defendant Horton); *Missud v. D.R. Horton, et al.*, San Francisco Superior Court, CGC 06-457207, Defendant's RJN, Docket No. 61, Ex. 5 (dismissing action without prejudice for lack of personal jurisdiction).

> 2.   Judicial Immunity – Judicial Defendants

Judge Ryu recommends dismissing Plaintiff's complaint against the Judicial Defendants on the basis of judicial immunity.  R&R at 3 ("Judges and 'individuals necessary to the judicial process' at the state and federal levels are 'generally immune from civil liability under [§] 1983.'") (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 923 (9th Cir. 2004) (citations and quotation marks omitted); *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991))).  As Judge Ryu concluded, Plaintiff provided no evidence to support a conclusion that Judicial Defendants acted "in the clear absence of all jurisdiction" so as to strip them of judicial immunity.  *See Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation marks omitted)).  While Plaintiff asserts that they acted without authority, he fails to explain how they have done so.  *See* Obj. at 3.  In fact, Plaintiff's own allegations evince otherwise, as his complaint about Judicial Defendants is not that they had no authority to act, but that they made the wrong decisions.  *Id*. at 3-4.  Judge Hamilton has just so ruled in another case involving Plaintiff, filed against some of the

same Judicial Defendants as the instant case. *See Missud v. San Francisco Superior Court et al.*, 11-1856 PJH, Docket No. 54, at (granting motion to dismiss complaint against, *inter alia*, Judges Woolard and Giorgi, among other judicial defendants not named in this action, on the basis of judicial immunity). Some of the conduct alleged in this case against Judges Woolard and Giorgi – their confirmation of an arbitration award in favor of Allstate Insurance against Plaintiff – is also alleged in Plaintiff's case before Judge Hamilton and covered by her ruling on judicial immunity. *Compare* 11-3567 EMC, FAC at 14, *with* 11-1856 PJH, Docket No. 19, at 6-8.

It is worth noting that, unlike federal judges who are absolutely immune from all suits, *see Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987), state judges may, in very limited circumstances, be subject to suit under § 1983. *See* 42 U.S.C. § 1983 (as amended by Pub. L. 104-317, Title III, § 309(c), 110 Stat. 3853 (Oct. 19, 1996)) ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Flanders v. Snyder Bromley*, No. 09-01623 CMA-KMT, 2010 WL 2650028, at *7 (D. Colo., Jun. 30, 2010) ("If these special circumstances do not exist in a § 1983 action, absolute judicial immunity bars claims for injunctive relief.") (citing *Lawrence v. Kuenhold*, 271 F. App'x. 763, 766 n. 6 (10th Cir. 2008)); *Brandon E. ex rel. Listenbee v. Reynolds,* 201 F.3d 194, 197 (3d Cir. 2000) (same). Plaintiff has made no showing that those circumstances obtain here.

Even if state Judicial Defendants were not protected by judicial immunity, Plaintiff's claims would still be barred for two reasons. First, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because he seeks to overrule previous state court rulings against him. "[A] federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1029 (9th Cir. 2005). "As the Ninth Circuit has explained, *Rooker-Feldman* prohibits a federal district court from exercising jurisdiction over a suit that is a 'de facto appeal from a state court judgment.'" *Khanna v. State Bar of California*, 505 F. Supp. 2d 633, 640-41 (N.D. Cal. 2007) (quoting *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1139 (9th Cir. 2004)); *Cunningham v. Mahoney*, No. C 10-01182 JSW, 2010 WL 2560488, at *3 (N.D. Cal. June 22, 2010). Here, Plaintiff is essentially

United States District Court
For the Northern District of California

1    appealing various state court decisions rejecting his arguments and purported evidence of corruption

2    on the part of Defendant Horton and the Judicial Defendants.  Because Plaintiff complains "of a

3    legal wrong allegedly committed by the state court and seeks relief from the judgment of that court,"

4    this Court lacks jurisdiction to consider his claims.  *Khanna*, 505 F. Supp. 2d at 641 (quoting *Noel v.*

5    *Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)).

6           Second, to the extent that any of Plaintiff's claims against Judicial Defendants would survive

7    both judicial immunity and *Rooker-Feldman*,  Plaintiff has wholly failed to state a claim as against

8    any Judicial Defendant.  Instead of facts, Plaintiff recounts in detail the Judicial Defendants'

9    decisions against him and then concludes, *ipso facto*, that they are corrupt.  Such allegations are

10   entirely conclusory and therefore lacking in merit.  *See Moss v. United States Secret Serv*., 572 F.3d

11   962, 969, 971 (9th Cir. 2009) (assigning no weight to conclusory allegations); *see also Bell Atlantic*

12   *Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  As Judge Ryu

13   noted, Plaintiff's FAC "does not set forth clear causes of action, but lambastes prior judicial

14   decisions against Plaintiff, corporate influence in American politics, and pervasive corruption in the

15   judiciaries and regulatory agencies of the United States, California, and Nevada."  R&R at 2 (citing

16   FAC at 5-28).  Although a pro se plaintiff would ordinarily be given some degree of leniency, in the

17   instant case, Plaintiff is an attorney who has filed numerous similar claims.  *See Missud v. San*

18   *Francisco Sup. Ct.*, No. 11-1856 PJH (N.D. Cal. April 18, 2011); *Missud v. D.R. Horton, Inc.*, No.

19   10-235-SI (N.D. Cal. Jan. 19, 2010); *Missud v. D.R. Horton, Inc.*, No. 07-2625-SBA (N.D. Cal. filed

20   May 17, 2007); *Missud v. D.R. Horton, Inc.*, No. A551662 (Nev. Dist. Ct. filed Nov. 13, 2007);

21   *Missud v. D.R. Horton, Inc.*, No. 06-457207 (Cal. Super. Ct. filed Oct. 23, 2006); *Missud v. D.R.*

22   *Horton, Inc.*, No. 05-447499 (Cal. Super. Ct. filed Dec. 9, 2005); *Missud v. D.R. Horton, Inc.*, No.

23   05-444247 (Cal. Super. Ct. filed Aug. 22, 2005).  In each one, Plaintiff has flouted the requirements

24   of Rule 11 and made sweeping, frivolous accusations without factual support.  *See, e.g.*, *Missud v.*

25   *San Francisco Sup. Ct.*, No. 11-1856 PJH, Docket No. 54, at 2 (N.D. Cal. Feb. 13, 2012) ("[T]he

26   details of plaintiff's allegations are elusive; the complaint is loaded with vague, conclusory, and

27   hyperbolic statements, as well as what appear to be nonsensical and far-flung facts.  The court also

28   notes that some of the allegations are quite reckless given plaintiff's status as an officer of the very

United States District Court

For the Northern District of California

1    court he is suing.").  Accordingly, dismissal with prejudice as against the Judicial Defendants is

2    warranted.

3              3.      Service of Process – Unserved Defendants

4          Judge Ryu recommends dismissing Plaintiff's complaint as against the Unserved

5    Defendants[6] without prejudice based on Plaintiff's failure to serve them within 120 days as required

6    by Federal Rule of Civil Procedure 4(m).  The Court finds the report correct, well-reasoned, and

7    thorough, and **ADOPTS** the R&R in full as to Unserved Defendants.

8    B.     Plaintiff's Requests for Judicial Notice

9          Plaintiff has filed sixteen requests for judicial notice in this action, totaling over 1,300 pages

10   of documents.  Plaintiff asks the Court to take judicial notice of documents that, *e.g.*, "provide proof

11   of ALL the allegations in the [FAC]."  Plaintiff's Request for Judicial Notice ("RJN"), Docket No.

12   58, at 2.  While many of these documents (*i.e.*, filings and orders in other court proceedings) are

13   judicially noticeable for certain purposes, such as to demonstrate the existence of other court

14   proceedings, they are not judicially noticeable for Mr. Missud's purpose, which is to demonstrate

15   that his arguments and allegations against Defendants are true.[7]  *See* Fed. R. Evid. 201.  Other

16   documents, such as articles about judicial fund-raising, are not judicially noticeable for any purpose,

17   much less Plaintiff's proffered purpose of demonstrating improper conduct on the part of any

18   Defendant.  *See, e.g.*, Docket No. 58 at Chapter 5.  As with Mr. Missud's other filings, he equates

19   denial of any of his requests with corruption, such that the more he loses, the greater the proof of

20   corruption he has purportedly unveiled.  These documents are not judicially noticeable as any kind

21   of substantive proof of his claims.

22         Accordingly, the Court **GRANTS** Plaintiff's Request for Judicial Notice as to the official

23   court documents from other proceedings, and **DENIES** the request as to all other documents.  In

24   addition, the Court emphasizes that the fact it takes judicial notice of court documents does not mean

26         [6] State of Nevada, Susan Eckhardt, David Sarnowski, the Nevada State Bar, and Constance
27   Akridge.

28         [7] In addition, many of the documents contain Mr. Missud's own annotations, which are
     argument and not judicially noticeable.

10

1   that it agrees with Plaintiff's characterization of the meaning of those documents.

2   C.      Requests for Subpoenas and Marshal Service

3           Mr. Missud has filed a request for subpoenas due to what he describes as officials' disregard

4   of his previous subpoenas.  Specifically, he requests that the Court sign subpoenas demanding

5   production of video evidence, rulings, and other documents from the Nevada District Court which

6   Mr. Missud contends would demonstrate Judge Gonzales's bias.  *See* Docket No. 55-2.  Similarly, at

7   Docket No. 73, Plaintiff requests judicial notice of the fact that the California Superior Court has

8   acknowledged receipt of his subpoenas.  However, the document to which Mr. Missud points is a

9   letter from the Superior Court's attorney noting that a subpoena is unnecessary to obtain transcripts

10  of proceedings.  Instead, the letter provides contact information for the court reporters from whom

11  Mr. Missud can request the transcripts he seeks.  *See id.* Ex. 1.

12          Because the Court has already dismissed Plaintiff's claims against Judge Gonzales with

13  prejudice as described above, the Court **DENIES** Plaintiff's request as moot.

14          Plaintiff also requests that this Court appoint federal Marshals to serve the Summons and

15  complaint on state judges and officials.  *See* Docket No. 55-1, 65.  Plaintiff cites to Federal Rule of

16  Civil Procedure 4(c)(3), which gives the Court discretion to order U.S. Marshals to effect service.

17  However, most of the defendants on whom Plaintiff requests service are already covered by the

18  Court's ruling above to dismiss the complaint with prejudice as against Judicial Defendants.  Indeed,

19  Plaintiff's request at Docket No. 65 requests service only on Judge Gonzales and Court CEO

20  Grierson.  Moreover, with respect to the Unserved Defendants, as Judge Ryu found, Plaintiff has

21  failed to show any cause for why he has failed to properly serve Defendants prior to the Rule 4(m)

22  deadline.  Plaintiff's requests for service are well past the 120-day deadline imposed by Rule 4(m).

23  Accordingly, the Court **DENIES** Plaintiff's requests to appoint U.S. Marshals to effect service on

24  any Defendants.

25  D.      Motion to Declare Plaintiff a Vexatious Litigant

26          Defendant Horton has filed a motion to declare Plaintiff a vexatious litigant and to impose a

27  pre-filing order on him. "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the

28  inherent power to enter pre-filing orders against vexatious litigants.  However, such pre-filing orders

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d

2  1047, 1057 (9th Cir. 2007) (internal citations omitted).  A pre-filing review order is appropriate if

3  (1) the plaintiff is given adequate notice and an opportunity to oppose the order; (2) the Court

4  compiles an adequate record for review; (3) the Court makes substantive findings as to the frivolous

5  or harassing nature of the litigant's actions; and (4) the order is narrowly tailored "to closely fit the

6  specific vice encountered." *Id*. (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1145-48 (9th Cir.

7  1990)); *see also Johns v. Town of Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (applying

8  *De Long*).

9         1.   Notice

10        In the instant case, the Court finds that the notice requirement has been satisfied, as

11  Defendant Horton's motion to declare Plaintiff a Vexatious Litigant provided him with notice, and

12  he has received an opportunity to be heard by filing his opposition to said motion and through the

13  hearing set for March 9, 2012.  *See Molski*, 500 F.3d at 1057 ("Molski had fair notice of the

14  possibility that he might be declared a vexatious litigant . . . because the district court's order was

15  prompted by a motion filed by the defendants and served on Molski's counsel. Also, Molski had the

16  opportunity to oppose the motion, both in writing and at a hearing.").

17         2.   Adequate Record

18        The second requirement is that the Court compile an adequate record for review.  "An

19  adequate record for review should include a listing of all the cases and motions that led the district

20  court to conclude that a vexatious litigant order was needed." *Id*. (quoting *De Long*, 912 F.2d at

21  1147).

22        In the instant case, Mr. Missud has been involved in the following prior actions against

23  Defendant Horton, for which the record contains orders and filings supplied by the parties:

24  •    *Missud v. D.R. Horton, et al.*, CGC 05-444247, San Francisco Superior Court. Defendant's

25  RJN, Docket No. 61, Ex. 1.  The court sustained a motion to quash service of summons and

26  complaint on grounds of forum non conveniens and dismissed the case without prejudice on

27  November 9, 2005.

28  •    *Missud v. D.R. Horton, et al.*, CGC 05-447499, San Francisco Superior Court. Defendant's

United States District Court

For the Northern District of California

RJN, Docket No. 61, Ex. 2.  The court sustained a motion to quash service of summons and complaint on grounds of lack of personal jurisdiction against Horton, sustained the motion on grounds of failure to effect proper service as to the remaining defendants (including DHI), and dismissed the case against Horton without prejudice on April 25, 2006.  *Id.*  The court quashed service of summons as against the remaining defendants again on September 13, 2006.  Defendant's RJN, Docket No. 61, Ex. 3.  Finally, the court dismissed the action without prejudice as against the remaining defendants based on lack of personal jurisdiction on January 11, 2007.  Defendant's RJN, Docket No. 61, Ex. 4.

•  *Missud v. D.R. Horton, et al.*, CGC 06-457207, San Francisco Superior Court. Defendant's RJN, Docket No. 61, Ex. 5.  On February 15, 2007, the court dismissed the action without prejudice against all defendants for lack of personal jurisdiction and took defendants' motion to declare Mr. Missud a vexatious litigant off calendar in light of its dismissal.  *Id.*

•  *Missud v. D.R. Horton, et al.*, C 07-2625 SBA, United States District Court for the Northern District of California. Defendant's RJN, Docket No. 61, Ex. 6.  On October 30, 2007, the court dismissed the action for lack of personal jurisdiction, forum non conveniens, and statute of limitations.  The court also issued an order noting that Plaintiff had submitted numerous post-judgment documents to the court that failed to comply with the applicable Local Rules. Defendant's RJN, Docket No. 61, Ex. 9.  The court therefore ordered Plaintiff to comply with said rules, and authorized the Case Systems Administrator to "return all non-conforming papers to Plaintiff."  *Id.*

•   *Missud v. D.R. Horton, et al.*, No. A551662, Nevada District Court, Clark County. Defendant's RJN, Docket No. 61, Ex. 7.  In this case, the court held Mr. Missud in contempt for knowingly and intentionally violating the terms of a stipulated protective order and for sending threatening communications to witnesses and counsel involved in the litigation.  *Id.* at 2.  The court granted defendants an award of attorney's fees and costs in conjunction with enforcing the protective order and the contempt proceedings, in the amount of over $48,000.  *Id.* at 5.  The court justified its fee award in part on the basis that Mr. Missud "continuously and unrelentingly refused to comply with this Court's various Orders" and that he had engaged in "continuous improper

United States District Court

For the Northern District of California

conduct," which drove up the cost of litigation. *Id.* at 6-7. Excerpts of the transcript from the show cause proceedings before Judge Gonzales – in which Mr. Missud was instructed to show cause why he should not be sanctioned – as well as Judge Gonzales's previous order finding Mr. Missud in contempt, are also in the record, Plaintiff's Request for Judicial Notice ("RJN"), Docket No. 58, Chapter 4, as well as transcripts of previous proceedings in the matter before Commissioner Bulla, RJN, Docket No. 84, Ex. 3. On appeal, the Supreme Court denied Mr. Missud's motion for a stay, motion for a moratorium on all nonjudicial foreclosures, and motion to compel discovery on June 20, 2011, noting that Plaintiff had not sought a stay in the district court and that such relief was unwarranted nonetheless. *Missud v. D.R. Horton, et al.*, No. 56502, Nevada Supreme Court. Defendant's RJN, Docket No. 61, Ex. 10. In addition, the court noted that "Mr. Missud's filings in this matter have been voluminous and meritless thus far. We caution him that further abuse will result in the imposition of sanctions." *Id.* The Supreme Court later affirmed the District Court's order imposing sanctions, finding that Mr. and Mrs. Missud had failed to "raise any challenge on appeal as to the district court's findings that appellants engaged in abusive litigation tactics by contacting and threatening [Horton's] employees." Plaintiff's RJN, Docket No. 58, Chapter 5, November 22, 2011 Order at 2. The Court rejected Mr. Missud's claims that the district court failed to consider his evidence, that the court violated his due process rights, and that the order was procured by fraud. *Id.* It later denied rehearing of Mr. Missud's claims in response to his petition for rehearing en banc. Plaintiff's RJN, Docket No. 74, February 24, 2012 Order.

• *Missud v. D.R. Horton, et al.*, No. 10-235 SI, United States District Court for the Northern District of California. Defendant's RJN, Docket No. 61, Ex. 8. On April 2, 2010, Judge Illston dismissed Defendant Judges Armstrong, Benitez, Edenfield, and Redinger with prejudice on the grounds of absolute judicial immunity. The court dismissed Plaintiff's remaining claims against other defendants without prejudice based on his voluntary dismissal.

• *Missud v. D.R. Horton, et al.*, No. CPF 10-510876, San Francisco Superior Court. *See* Defendant's RJN, Docket No. 61, Ex. 12. Horton initiated this case to domesticate the Nevada State Court judgment to California. *See* Docket No. 59 at 14-15. The Superior Court, Judge Giorgi, denied Mr. Missud's motion to vacate the Nevada judgment. *See* Plaintiff's RJN, Docket No. 58,

United States District Court

For the Northern District of California

Chapter 6 (partial transcript of January 19, 2011 proceedings); *see also id.* (transcript of June 30, 2011 proceedings regarding motion for reconsideration).  In case no. No. A131566, the Court of Appeal, First Appellate District, struck a "Declaration in Support of Already Registered Evidence" which Plaintiff claimed listed "examples of 'official and judicial corruption' supported by citations to specified internet addresses."  Defendant's RJN, Docket No. 61, Ex. 12.  The court struck the declaration as unauthorized under the rules of court.  *Id.*  The court later affirmed the Superior Court's denial of Mr. Missud's motion to vacate the Nevada state court judgment.  Defendant's RJN, Docket No. 61, Ex. 12.  The Court of Appeal noted numerous "procedural inadequacies" in Plaintiff's submissions to the Court.  *Id.* at 2.  Nonetheless, considering the appeal on the merits, the Court found that "Missud's briefs contain no comprehensible legal argument as to why the order he challenges should be reversed."  *Id.*   On further appeal in Case No. S1983532, the California Supreme Court denied Mr. Missud's request for judicial notice and petition for writ of mandate.  *See* Defendant's RJN, Docket No. 61, Ex. 13; *see also* Plaintiff's RJN, Docket No. 58, Chapter 10 (attaching petition for writ of mandate).

•     *Missud v. D.R. Horton, et al.*, No. 11-3567 EMC, U.S. District Court for the Northern District of California.  In the instant case, Plaintiff again attempts to subject Horton to personal jurisdiction in California, despite the fact that numerous courts have already rejected such claims and despite the fact that he offers no evidence of Horton's contacts with California that would be sufficient to confer general or specific jurisdiction.  In addition, as other courts have noted, Plaintiff has continued to file voluminous and procedurally improper documents with this Court, including successive requests for judicial notice discussed further below.

Accordingly, given the record compiled from Mr. Missud's prior actions against Horton, listed above, and the record on file in the case at bar, the Court concludes the record is adequate for review.  *Molski*, 500 F.3d at 1057.

        3.     <u>Substantive Findings as to the Frivolous or Harassing Nature of Plaintiff's Actions</u>

        Under the third prong, the Court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims."  *Molski*, 500 F.3d at 1059 (citations and quotation marks omitted).  "An injunction cannot issue merely upon a showing of litigiousness.  The

United States District Court

For the Northern District of California

1  plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (citations and

2  quotation marks omitted).  In the instant case, the Court finds that there is a sufficient basis to

3  conclude that Mr. Missud's litigation against Defendant Horton and its affiliates, subsidiaries, and

4  employees has been abusive and frivolous.

5  　　　　First, Plaintiff's claims against Horton have lacked any credible factual basis and Plaintiff

6  has refused to comply with Court rules and procedures in making his claims.  Defendant sums up the

7  problem with Mr. Missud's tautological claims against Horton succinctly: "[H]e alleges that he lost

8  his prior six cases against D.R. Horton because the courts were 'corrupt.'  As proof, he points to the

9  fact that he lost these six prior cases." Reply, Docket No. 70, at 6.  Plaintiff's failure to comply with

10  Rule 11 and Civil Rule 11-4 is all the more troubling given his status as a member of the California

11  Bar.  In the instant case, for example, besides his citation to § 1983 and general references to

12  racketeering, he has failed to provide Horton with notice of any concrete claims he raises against it.

13  Instead, his complaint is filled with summary accusations of corruption.  *See, e.g.*, FAC at 4 (stating

14  that Horton has "caused thousands of consumers' financial evisceration through illegal means and

15  by corrupting public figures"); Objection to R&R, Docket No. 55, at 2 ("This has already become a

16  landmark case. It already showcases absolute corruption of 23 judges made possible by the Citizen$-

17  United ruling which has paved a long, tortuous path for ordinary, real, flesh-and-blood, non-

18  corporate, fleece-able, citizen-litigants."); *id.* at 5 (stating that in comparison the Defendants in this

19  case, "Not even Hosni Mubarak financially raped Egypt quite so much."); *id.* at 12 ("Billion dollar

20  DHI was not content with just the purchase of Nevada's di$trict and $upreme court$. DHI also had

21  to prove that it could buy California's.").  These are just a small sampling of Plaintiff's unsupported

22  accusations against Horton and other Defendants.

23  　　　　Plaintiff's opposition, Docket No. 67, continues this tactic, as he merely restates his

24  conclusory claims that Horton has "bought" numerous federal and state judges and public officials,

25  with no factual allegations to support such a claim.  *See, e.g.*, Opp. at 6 (alleging that DHI "bought"

26  Commissioner Bulla and Judge Gonzales, with no support other than the fact that those officials

27  ruled against Mr. Missud); Opp. at 7 (speculating that Horton has wired money to the Cayman

28  Islands as payment to corrupt judges).  He also seems to assume that one decision against Horton in

16

United States District Court
For the Northern District of California

1  an unrelated case would be sufficient to constitute "proof" of his own claims.  *See, e.g.*, Opp. at 7

2  (faulting Judge Armstrong for disregarding a verdict against Horton in a different case in Nevada

3  state court, in which Mr. Missud was not involved).

4      As another example, Mr. Missud filed a request for judicial notice in conjunction with his

5  opposition to Defendant's motion to declare him a vexatious litigant.  Docket No. 63.  This RJN

6  attaches numerous documents – including purported sales numbers for DR Horton and its

7  subsidiaries, waivers of service of summons from prior cases, a National Labor Relations Board

8  order from an unrelated case, the stipulated protective order in the Nevada state court case,

9  transcripts of proceedings in prior cases, affidavits of service of subpoenas, and court orders in prior

10  cases – that are either unauthenticated, unrelated to the present action, and/or not judicially

11  noticeable for Mr. Missud's supposed purpose of demonstrating corruption and conspiracy.  These

12  documents merely provide further support to Horton's claim that Mr. Missud's tactics are abusive

13  and that he routinely violates the Local Rules[8] and Federal Rules of Civil Procedure.[9]

---

[8] Local Rule 11-4, Standards of Professional Conduct, provides in relevant part:

    (a)    Duties and Responsibilities.  Every member of the bar of this Court and any attorney permitted to practice in this Court under Civil L.R. 11 must:

        (1)    Be familiar and comply with the standards of professional conduct required of members of the State Bar of California;

        (2)    Comply with the Local Rules of this Court;

        (3)    Maintain respect due to courts of justice and judicial officers;

        (4)    Practice with the honesty, care, and decorum required for the fair and efficient administration of justice; [and]

        (5)    Discharge his or her obligations to his or her client and the Court.

[9] Rule 11 provides in pertinent part as follows:

    (b)    Representations to the Court.  By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and

United States District Court

For the Northern District of California

1    These tactics are similar to those for which the Nevada courts previously sanctioned Mr.

2  Missud.  *See* Defendant's RJN, Docket No. 61, Ex. 7, at 6 (Nevada District Court sanctioned Mr.

3  Missud for "continuously and unrelentingly refus[ing] to comply with this Court's various Orders"

4  and for his "continuous improper conduct").  In addition, California state courts have noted Mr.

5  Missud's failure to comply with the rules and his refusal to provide cogent legal and factual bases

6  for his arguments.  *See id.* Ex. 12 at 2 (California Court of Appeal noted numerous "procedural

7  inadequacies" in Plaintiff's submissions to the Court, and found on the merits that "Missud's briefs

8  contain no comprehensible legal argument as to why the order he challenges should be reversed.").

9  Judge Armstrong has also noted Plaintiff's unwillingness to comply with Court rules in this District.

10  *See* Order, 07-2625-SBA, Docket No. 54 (noting that Missud "has submitted numerous papers to

11  this Court which do not conform to the local rules governing the form and manner of papers," and

12  ordering Plaintiff to comply with the Local Rules).  Accordingly, Plaintiff's failure to provide

13  factual support for his claims and failure to comply with Court rules weighs in favor of declaring

14  him a vexatious litigant.  *See Molski*, 500 F.3d at 1059 (upholding district court's conclusion "that

15  the large number of complaints filed by Molski containing false or exaggerated allegations of injury

16

17         belief, formed after an inquiry reasonable under the circumstances:

18             (1)     it is not being presented for any improper
       purpose, such as to harass, cause unnecessary delay,
19     or needlessly increase the cost of litigation;

20             (2)     the claims, defenses, and other legal contentions
       are warranted by existing law or by a nonfrivolous
21     argument for extending, modifying, or reversing
       existing law or for establishing new law;
22
               (3)     the factual contentions have evidentiary support
23     or, if specifically so identified, will likely have
       evidentiary support after a reasonable opportunity for
24     further investigation or discovery; and

       ....
25  (c)    Sanctions.

26             (1)     In General.  If, after notice and a reasonable
       opportunity to respond, the court determines that Rule
27     11(b) has been violated, the court may impose an
       appropriate sanction on any attorney, law firm, or party
28     that violated the rule or is responsible for the violation.

United States District Court

For the Northern District of California

1   [and] were [therefore] vexatious").

2       Second, Mr. Missud appears to be motivated more by obtaining press for himself and

3 imposing expense on Horton than by any legitimate claim for relief.  In addition to his own

4 representations to this Court in his filings, *see* Objection to R&R, Docket No. 55, at 2 ("Prior to

5 PACER registration this pleading was transmitted to over 500 syndicated media contacts in only

6 minutes."), Horton provides copies of Plaintiff's prior communications indicating an intent to harass

7 and increase expense for Horton.  *See* Docket No. 59, Ex. A (fax from Mr. Missud to Horton counsel

8 Odou stating that his goal was to make things "horrendously expensive" for them and that he would

9 initiate as many class action lawsuits and investigations as possible, along with press notifications

10 designed to embarrass Defendant).  Plaintiff does not dispute the authenticity of this communication,

11 nor its meaning.  *See* Opposition, Docket No. 67, at 20 ("If these matters have become 'horrendously

12 expensive' for DHI, then so be it.").  Defendant's Reply attaches additional communications from

13 Plaintiff to attorneys and large media lists, attempting to gain traction for his cases in the press.  *See*

14 Reply, Docket No. 70, Exs. A-C.  Plaintiff's apparent intent to harass Horton through litigation

15 regardless of how many times Horton prevails, *see* Opp. at 10 (stating that prior sanctions have not

16 deterred him), weighs in favor of designating him a vexatious litigant.  *See* Rule 11(b)(1) (requiring

17 party to certify that filings with the Court are "not being presented for any improper purpose, such as

18 to harass, cause unnecessary delay, or needlessly increase the cost of litigation"); *Eng v. Marcus &*

19 *Millichap Co.*, No. C 10-05050 CRB, 2011 WL 2175207, at *2 (N.D. Cal. June 3, 2011)

20 (considering fact that plaintiff filed suit the same day he had been declared a vexatious litigant in

21 another court, and fact that plaintiff had sent threatening emails to defendants, as probative of his

22 "improper purpose of harassing Defendants" and justification for declaring him a vexatious litigant).

23       Third, Plaintiff continues to attempt to sue Horton in California despite multiple court rulings

24 that Horton is not subject to personal jurisdiction in California.  Such conduct is harassing.  *See*

25 *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir.1986) ("Without question, successive

26 complaints based upon propositions of law previously rejected may constitute harassment under

27 Rule 11."); *McMahon v. Pier 39 Ltd. Partnership*, No. C03-00251 CRB, 2003 WL 22939233, at *6,

28 *8 (N.D. Cal. Dec. 5, 2003) (finding plaintiff had violated Rule 11 through harassing conduct and

United States District Court

For the Northern District of California

1    repeatedly filing claims based on the same basic issues, and using Rule 11 violations as support for

2    declaring plaintiff a vexatious litigant).

3         Fourth, Plaintiff's successive complaints have alleged similar misconduct against Horton and

4    other common defendants despite multiple court rulings against him. As noted above, all of Mr.

5    Missud's actions involving Horton appear to relate, at bottom, to his dealings with Horton and DHI

6    in 2003 and 2004 in conjunction with his purchase of a home in Nevada and his allegations that

7    Horton and its affiliates committed fraud and tortuous misconduct against him at that time. *See* 07-

8    2625 SBA, Docket No. 38, at 1-3 (summarizing three California state court claims – two of which

9    alleged emotional distress claims and one of which alleged fraud and intentional misrepresentation

10    claims – and 2007 federal claim before Judge Armstrong alleging similar claims against same

11    defendants). Judge Armstrong ruled that not only did California courts lack personal jurisdiction

12    over Horton and its affiliates, but also that Mr. Missud's claims were barred by the statute of

13    limitations. *Id*. at 4-7, 8-10.

14         Rather than abandon his claims, however, Mr. Missud has simply ratcheted up his litigious

15    conduct in the aftermath of Judge Armstrong's ruling, threatening her and other allegedly "corrupt"

16    judges with lawsuits based on their adverse rulings. *See* 07-2625 SBA, Docket No. 45 (filing post-

17    judgment letters accusing various judicial officers, including present Defendants Armstrong,

18    Benitez, and Coltrane, of corruption and threatening legal action against them); *id*. Docket No. 55

19    (post-judgment letter indicating his intent to file RICO claims against Horton for its apparent

20    conspiracy with judges). Plaintiff's subsequent federal suits against Horton and various judicial

21    defendants have continued the same allegations of conspiracy and corruption. *See* 10-235 SI,

22    Docket No. 1 (alleging racketeering, corruption, whistle-blower retaliation, and various

23    constitutional claims against Horton and affiliates, as well as present Defendants Coltrane, Eckhardt,

24    Armstrong, and Benitez, among others). Although Judge Illston dismissed the federal judicial

25    defendants with prejudice based on judicial immunity, *see id*. Docket No. 47, Mr. Missud

26    nonetheless re-names Judges Armstrong and Benitez in the instant case. Indeed, Mr. Missud

27    confirmed at oral argument that sanctions against him have not and will not deter him from

28    continuing this course of conduct. Accordingly, Mr. Missud has demonstrated intent to continue

1   frivolously litigating against Defendant Horton and others in spite of judicial rulings against him.

2   Absent a pre-filing order, there is every indication from the record that Mr. Missud will continue to

3   harass Defendant Horton and its affiliates and employees.

4        Accordingly, the Court finds that Plaintiff's conduct against Horton has been both frivolous

5   and harassing.

6        4.   <u>Narrowly Tailored Order</u>

7        As to the fourth factor, Defendant Horton requests an order requiring the following:

8        (1)   Post Security of Costs in this action in the amount of $50,000, absent which the

9   complaint would be subject to dismissal with prejudice;

10       (2)   Obtain pre-filing permission before filing any actions on his behalf or on behalf of his

11  spouse, Julie Missud, if those complaints name as parties Horton, DHI, their affiliates, their

12  employees, and their attorneys or other individuals associated with this action.  Defendant requests

13  that Plaintiff be ordered to provide a copy of any proposed complaint along with a letter requesting

14  that the complaint be filed and copies of the Nevada State Court orders finding him in contempt and

15  sanctioning him, proof of satisfaction of the Judgments of Sanctions against him, and a copy of this

16  Court's order in this case;

17       (3)   Post Security of Costs in any future action against the Parties in this matter, in an

18  amount to be determined by this Court; and

19       (4)   Pay sanctions of at least $1,000 in an amount determined by this Court and report

20  said sanctions to the State Bar for any appropriate disciplinary review.

21       Defendant also suggests a possible order requiring Plaintiff to complete anger management

22  and ethics continuing education.  Finally, Defendant proposes that any violation of the pre-filing

23  order would expose Plaintiff to a contempt hearing and injunctive relief consistent with the order,

24  and that any action filed in violation of the order be subject to dismissal.

25       Although Defendant's requests are reasonable, they are more extreme than the orders the

26  Ninth Circuit found to be appropriately tailored in *Molski*.  In *Molski*, the district court imposed a

27  pre-filing order that covered only "actions under Title III of the ADA in the Central District of

28  California" and subjected such claims to a pre-filing review.  *Molski*, 500 F.3d at 1061; *Cf. De Long*,

United States District Court

For the Northern District of California

912 F.2d at 1148 (finding an order preventing the plaintiff from filing any suit in a particular district court overbroad). In the instant case, the Court finds that a narrow order requiring Plaintiff to obtain pre-filing review of any new action he files or causes to be filed against Defendant Horton or its affiliates/subsidiaries/employees in the Northern District of California is appropriate.

       5.    <u>Attorney Sanctions</u>

Finally, the Court notes that a pre-filing order is also an appropriate sanction for attorney misconduct. *See Molski*, 500 F.3d at 1062 (upholding a pre-filing order imposed against a law firm pursuant to the court's "inherent power to regulate abusive or bad-faith litigation"). Grounds for sanctioning attorneys are similar to the bases discussed above for the vexatious litigant standard, including findings that the attorney has "willful[ly] abuse[d] [] the judicial process," engaged in "bad faith conduct during litigation," "fil[ed] frivolous papers," or "violat[ed] [] ethics rules." *Id.* at 1063 (citations omitted). An attorney, like a potential vexatious litigant, must be given notice and an opportunity to be heard before imposing sanctions, and the sanctions must be tailored to the misconduct. *Id.* For the reasons stated above, Missud's conduct qualifies for the Court's discretionary imposition of sanctions, including a pre-filing order. Thus, the Court's power to sanction attorney misconduct offers another independent grounds for its order.

Accordingly, Defendant's motion to declare Plaintiff a vexatious litigant is **GRANTED**. Plaintiff is adjudged a vexatious litigant and ordered to obtain leave of Court before filing or causing to be filed any new action in this District against D.R. Horton or any of its affiliates (including DHI Mortgage), subsidiaries, and/or employees.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court orders as follows:

(1)    Magistrate Judge Ryu's R&R is **ADOPTED** as modified herein. Plaintiff's claims against Defendant Horton are dismissed for lack of personal jurisdiction. Plaintiff's claims against the Judicial Defendants[10] are dismissed with prejudice on the grounds of judicial immunity,

---

[10] Special Magistrate Curtis Coltrane of Beaufort County, South Carolina; Court Clerk Steven Grierson and Judge Elizabeth Gonzales of the Clark County Courts of Nevada; Discovery Commissioner Bonnie Bulla of Nevada's Eighth Judicial District Court; Chief Justice Nancy M. Saiita and Justices Michael L. Douglas, James W. Hardesty, Kristina Pickering, Mark Gibbons,

the *Rooker-Feldman* doctrine, and failure to state a claim.  Plaintiff's claims against the Unserved Defendants[11] are dismissed for failure to effect proper service under Rule 4(m). Judgment will be entered in favor of Defendants and against Plaintiff.  The Clerk of the Court is instructed to close the file.

(2)   Plaintiff's Requests for Judicial Notice are **GRANTED** as to official court documents from other proceedings, and **DENIED** as to all other documents he has submitted to this Court.

(3)   Plaintiff's Requests for Subpoenas and U.S. Marshal Service are **DENIED**.

(4)   Defendant Horton's motion to declare Plaintiff a vexatious litigant is **GRANTED**.  The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Mr. Missud (as a named Plaintiff) that name as defendants D.R. Horton or any of its affiliates (including DHI Mortgage), subsidiaries, and/or employees.  If Mr. Missud wishes to file a complaint against any of these entities and/or individuals, he shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court.  The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing.  Any violation of this Order will expose Plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

(5)   Mr. Missud is forewarned that any future suit he files with the Court which does not comply with the good faith requirements of Fed. R. Civ. P. 11 will be subject to sanctions including monetary sanctions.

///

///

Michael Cherry, and Ron Parraguirre of the Supreme Court of Nevada; San Francisco Superior Court Judges Charlotte Woolard and Loretta Giorgi; Judge Saundra Armstrong of the U.S. District Court for the Northern District of California; Judge Roger Hunt of the U.S. District Court for the District of Nevada; Judge Roger Benitez of the U.S. District Court for the Southern District of California; the Nevada Supreme Court; and the Eighth Judicial District Court of County of Clark.

[11]  State of Nevada, Susan Eckhardt, David Sarnowski, the Nevada State Bar, and Constance Akridge.

United States District Court
For the Northern District of California

(6)     Mr. Missud is referred to the State Bar and the Standing Committee on Professional Conduct pursuant to Civ. L.R. 11-6(a)(3)-(4) for any appropriate disciplinary action.

This Order disposes of Docket Nos. 37, 53, 59, 65.

IT IS SO ORDERED.

Dated:  March 22, 2012

_____
EDWARD M. CHEN
United States District Judge