UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. MISSUD, | No. C-11-3567 EMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL** |
| v. | |
| STATE OF NEVADA, *et al.*, | **(Docket No. 95)** |
| Defendants. | |

Plaintiff Patrick Missud has submitted an application for leave to proceed *in forma pauperis* ("IFP") on appeal to the Ninth Circuit Court of Appeals. Docket No. 95; *see* Fed. R. App. P. 24(a). Mr. Missud seeks to appeal this Court's March 22, 2012 Order, in which the Court dismissed his claims against Defendant Horton for lack of personal jurisdiction, dismissed his claims against judicial officers for judicial immunity, the *Rooker-Feldman* doctrine, and failure to state a claim, dismissed his claims against the remaining defendants for failure to effect proper service, and declared Plaintiff a vexatious litigant. Docket 88.

When presented with an application to proceed IFP, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). In the instant case, Mr. Missud states in his application that he is self-employed as an attorney,

contractor, and engineer, has no current income, and has sizeable debt that outweighs his assets. *See* Appl., Docket No. 95. The Court thus concludes that he meets the economic eligibility requirement.

Second, even if an applicant meets the economic requirements for IFP status, the Court may not grant an application to proceed IFP if the appeal is "not taken in good faith." 28 U.S.C. § 1915(a)(3). "'Not taken in good faith' means 'frivolous.'" *Gray v. Hamilton*, No. C 10-4614, 2010 WL 4281812, at *2 (N.D. Cal. Oct. 25, 2010) (finding an action frivolous because of defendants' judicial immunity and because action was an improper collateral attack on the court's decision in another action) (quoting *Ellis v. United States*, 356 U.S. 674, 674-75 (1958) (reversing denial of IFP where "the issue presented-probable cause to arrest-is not one that can necessarily be characterized as frivolous.") (internal quotation marks omitted); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (denial of IFP status is inappropriate if even one claim is non-frivolous)); *James v. Townsley*, No. CV-11-050-EFS, 2011 WL 2559629, at * 1 (E.D. Wash. June 28, 2011) (denying IFP where "the Court lacks subject-matter jurisdiction over Plaintiff's claim and Defendant is entitled to quasi-judicial immunity"). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis*, 356 U.S. at 674-75.

In the instant case, although nearly all of Mr. Missud's claims are frivolous, one of his claims – that pertaining to the Court's vexatious litigant designation – is non-frivolous. Accordingly, the Court must grant his IFP status "*in toto*." *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) ("We hold that Hooker is entitled to in forma pauperis status for this appeal *in toto* because the district court found portions of the appeal to be taken in good faith. We conclude that 28 U.S.C. § 1915(a) requires in forma pauperis status to be authorized for an appeal as a whole and not on a piecemeal basis by particular claims.").

///
///
///
///
///

2

Accordingly, the Court **GRANTS** Mr. Missud's application to proceed IFP on appeal. Plaintiff "may proceed on appeal without prepaying or giving security for fees and costs." *See* Fed. R. App. P. 24(a)(2).

This disposes of Docket No. 95.

IT IS SO ORDERED.

Dated: April 3, 2012

_____
EDWARD M. CHEN
United States District Judge